IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD TYRONE TOWNSEND #20050003203)
                                  )
              Plaintiff,    )
                                  )
                                  )
v.                            )    No.   05 C 2554
                                  )
ORLAND PARK POLICE DEPT., etc.,    )
                                  )
             Defendant.    )

## MEMORANDUM ORDER

Gerald Tyrone Townsend ("Townsend") has submitted a self-prepared Complaint under 42 U.S.C. §1983 ("Section 1983"),[1] together with an In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion"), also filled out on forms provided by the Clerk's Office. For the reasons stated here, this Court (1) addresses the Application in accordance with 28 U.S.C. §1915,[2] (2) dismisses both the Complaint and this action and (3) consequently denies the Motion as moot.

First as to the Application, its accompanying printout from the Cook County Department of Corrections ("County Jail," where Townsend is now in custody) reflects the transactions in his trust fund account there from February 15 through April 13,

---

[1] "Self-prepared" is used in the sense that Townsend has employed the form of Section 1983 Complaint made available to persons in custody by this District Court's Clerk's Office, filling in the blanks and providing a Complaint ¶V in handwritten form.

[2] All further references to Title 28's provisions will simply take the form "Section--."

2005--apparently the only two months that he has been housed at the County Jail. During that period the average monthly deposits to his account (see Section 1915(b)(1)(A)) amounted to $85, so that the required initial partial filing fee payment required of Townsend is $17 (id.).

Accordingly the Application is granted to the limited extent that Townsend need not prepay the entire $250 filing fee, but his initial partial payment of $17 toward that fee must be paid as soon as the balance in his trust fund account is sufficient to enable such a payment. In turn the County Jail trust fund officer is ordered to collect that partial filing fee from Townsend's account as soon as possible and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment, the trust fund officer at County Jail (or at any other correctional facility where Townsend may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $250 filing fee is paid. Both the initial payment

and all future payments shall be sent to the Clerk and shall clearly identify Townsend's name and the 05 C 2554 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

As for Townsend's substantive claim, this Court's initial screening pursuant to Section 1915A calls for dismissal of the Complaint and this action under the authority of Section 1915A(b)(1). In that respect, quite apart from Townsend's recognition that his only named defendant is described as "Orland Park Police Dept. (Defendants to be named later),"[3] any attempt to sue Orland Park police officers on the basis described in Complaint ¶V founders on two grounds:

1. Testimony by any officer that led to the state court's probable cause finding about which Townsend complains is absolutely immune from potential Section 1983 damages liability under Briscoe v. LaHue, 460 U.S. 325 (1983).

2. Even were that not the case, Heck v. Humphrey, 512 U.S. 477 (1994) would appear to render any Section 1983 action based on Townsend's custodial confinement premature

---

[3] Though that Police Department is not a suable legal entity, this Court would not reject Townsend's pro se Complaint on that ground (see the teaching in Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)).

unless and until that ruling were to be reversed, expunged

or otherwise declared invalid by a state tribunal.

Accordingly, as stated at the outset of this memorandum

order, both the Complaint and this action are dismissed, but this

dismissal does not affect Townsend's obligation to pay the $250

filing fee as stated earlier in this opinion.  With such

dismissal having taken place, the Motion is denied as moot.[4]

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 9, 2005

---

[4]  That denial obviates any need to deal with Townsend's
failure to identify, as the form requires, whatever efforts he
has made to obtain counsel on his own.

4